DONNA DURO, PETITIONER, v. STATE BAR OF NEVADA, RESPONDENT, AND EARL T. AYERS, AND EFFIE BALINT, REAL PARTIES IN INTEREST.

No. 20953

April 19, 1990                                      790 P.2d 500

*Lamond R. Mills,* Las Vegas, for Petitioner.

*John Howe,* Bar Counsel, Las Vegas, for Respondent State Bar of Nevada.

*Edward J. Achrem,* Las Vegas, for Real Party in Interest, Effie Balint.

*Earl T. Ayers,* Las Vegas.

# OPINION

*Per Curiam:*

This original petition seeks an order of this court directing the State Bar of Nevada to release to petitioner, Donna Duro, the "record on appeal and related letters of complaint" in disciplinary proceedings involving suspended attorney Earl T. Ayers. *See* Ayers v. State Bar, Order of Suspension No. 19473, filed December 30, 1988. Petitioner asserts that the documents are necessary to her defense in a civil action presently pending against her in the Eighth Judicial District Court, Clark County.

Petitioner first contends that she is entitled to access to the documents in question under SCR 121[1]. Under SCR 121, however, all disciplinary proceedings involving allegations of mis-

---

[1]SCR 121 provides:

> Unless otherwise ordered by the supreme court or the board of governors, all proceedings involving allegations of misconduct by or the disability of an attorney shall be kept confidential until a recommendation for the imposition of public discipline is filed with the supreme court, or the respondent-attorney requests that the matter be made public, or the investigation is predicated upon a conviction of the respondent-attorney for a crime, or in matters involving alleged disability, this court enters an order transferring the respondent-attorney to disability inactive status pursuant to Rule 118. All participants in a proceeding, including anyone connected with it, shall conduct themselves so as to maintain the confidentiality of the proceeding.

> This rule shall not deny access to relevant information to authorized agencies investigating the qualifications of judicial candidates, or to other jurisdictions investigating qualifications for admission to practice, or to law enforcement agencies investigating qualifications for government employment. In addition, the appropriate disciplinary board shall transmit to the National Discipline Data Bank maintained by the American Bar Association notice of all public discipline imposed by the supreme court on an attorney or the transfer to inactive status due to disability of an attorney.

conduct by an attorney are confidential until the disciplinary agency files a recommendation for the imposition of public discipline in this court. Thus, unless this court otherwise orders, all matters comprising the record made and considered by the disciplinary panel of the state bar remain confidential. Upon the filing of a recommendation of the panel for the imposition of public discipline in this court, the formal records of the subsequent proceedings occurring in this court are thereafter open to the public and are a matter of public record in the absence of an order of this court directing otherwise. Consequently, we conclude, petitioner is only entitled under SCR 121 to access to the formal written findings, conclusions, and recommendation of the disciplinary panel that public discipline be imposed upon attorney Ayers, and to any matters constituting the formal record of this court's subsequent proceedings. Related letters of informal complaint contained in the files of the state bar, or any transcripts and other documents that may comprise the record made and considered by the disciplinary panel prior to the date that the panel's findings, conclusions and recommendation were filed in this court, remain confidential and are not subject to disclosure.

Additionally, petitioner suggests that this court should exercise its inherent supervisory authority over matters related to attorney discipline so as to direct the release of otherwise confidential materials relating to the disciplinary proceedings in issue. We are not persuaded, however, that petitioner has demonstrated sufficient cause warranting our exercise of that authority at this time. Accordingly, the instant petition is granted in part and denied in part. Upon petitioner's request, the clerk of this court or bar counsel for the State Bar of Nevada may release to petitioner any documents not considered confidential pursuant to the views expressed above.